UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS L. HAMPTON,<br><br>  Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br><br>  Defendant. | Case No. 13-cv-04624-MEJ<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES AND COSTS UNDER THE EQUAL ACCESS TO JUSTICE ACT**<br><br>Re: Dkt. No. 18 |

## INTRODUCTION

In this Social Security appeal, Plaintiff Dennis L. Hampton moves for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Dkt. No. 18 ("Mot."). The Social Security Commissioner opposes the motion. Dkt. No. 21 ("Opp'n"). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS** the Motion for the reasons set forth below.

## BACKGROUND

Plaintiff appealed to this Court pursuant to 42 U.S.C. § 405(g), filing a motion for summary judgment seeking an order reversing the final decision of the Administrative Law Judge ("ALJ"). Dkt. No. 15. The ALJ found that Plaintiff was not disabled, which Plaintiff challenged on the grounds that the ALJ (1) improperly rejected the medical evidence from the examining psychologist, and (2) improperly considered Plaintiff's own testimony and subjective complaints. *Id.* at 1.

In its Order, the Court rejected Plaintiff's first argument, finding that the ALJ provided a specific and legitimate reason to discount the examining psychologist's opinion. Dkt. No. 17

("Order"). But on Plaintiff's second argument, the Court granted Plaintiff's motion and remanded for reconsideration of Plaintiff's subjective complaints. *Id.* at 19-20. Among other things, the ALJ discounted Plaintiff's testimony in light of Plaintiff's reported activities. *Id.* at 17. The Court agreed that such evidence can be considered in determining Plaintiff's disability, but that the ALJ "was required to provide clear and convincing reasons for discrediting [P]laintiff's subjective complaints" about the severity of his symptoms, but failed to do so. *Id.* at 17-18. The Court remanded the action and held that "the ALJ must reassess the evidence in the record and, if the ALJ continues to discount any of Plaintiff's subjective complaints, must provide clear and convincing reasons for doing so consistent with this order." *Id.* at 19-20 (citation omitted).

Plaintiff now moves for attorney's fees totaling $3,741.33 at a rate of $189.78 per hour for attorney Steven G. Rosales and $137.00 per hour for paralegal time. Mot. at 4. The Commissioner initially opposed Plaintiff's Motion on the ground that it was prematurely filed before the Court's judgment was final for the purposes of the EAJA. Dkt. No. 19. On December 8, 2014, the Court set a briefing schedule holding Plaintiff's motion in abeyance until January 9, 2015, when the judgment became final. Dkt. No. 20. Subsequently, the Commissioner filed an Opposition, challenging Plaintiff's Motion on the grounds that the ALJ and the Commissioner were substantially justified in their positions and that the attorney fees requested are unreasonable. Opp'n at 1-2. Plaintiff has not filed a Reply.

**LEGAL STANDARD**

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "It is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award unjust." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001) (citations omitted). The position of the Social Security Commissioner is "substantially justified" if it is "justified to a degree that could satisfy a reasonable person"—i.e., that it has a reasonable basis in fact and law. *Pierce v. Underwood*, 487

2

U.S. 552, 565 (1988); *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002) (a position can be substantially justified "if it has a reasonable basis in law and fact." (quotation omitted)).

The government bears the burden to show that its position was substantially justified at "each stage of the proceedings," meaning it must demonstrate substantial justification for "both the government's litigation position and the underlying agency giving rise to the civil action." *Tobeler v. Colvin*, 749 F.3d. 830, 832, 834 (9th Cir. 2014); *see also Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988) (courts assess "both [] the position asserted by the government in the trial court as well as the nature of the underlying government action at issue." (citations omitted)). As the EAJA provides, "'position of the United States' means, in addition to the position taken by the United States in the civil action, *the action or failure to act by the agency upon which the civil action is based.*" 28 U.S.C. § 2412(d)(2)(D) (emphasis added). If the ALJ's original position was not substantially justified, then the court need not address the government's litigation position. *See Tobeler*, 749 F.3d at 834 ("Because the government's *underlying* position was not substantially justified, we award fees, even if the government's *litigation* position may have been justified." (emphasis in original)).

If the government's position was not substantially justified, then the plaintiff may be eligible for an award of fees under the EAJA; however, eligibility is not an automatic award. *Atkins v. Apfel*, 154 F.3d 986, 989 (9th Cir. 1998). An award of fees pursuant to the EAJA requires that the fees sought are reasonable, which is the plaintiff's burden to prove. *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001) ("The burden is on the plaintiff to produce evidence that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." (quotation omitted)).

## DISCUSSION

Plaintiff contends that he is entitled to attorney's fees and costs under the EAJA, having secured a remand under 42 U.S.C. § 405(g), which makes him the prevailing party. *See, e.g.*, *Gutierrez*, 274 F.3d at 1257 ("An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded." (citations omitted)). The Commissioner does

1  not dispute that Plaintiff is the prevailing party; rather, the Commissioner opposes Plaintiff's
2  motion on the grounds that the government's position was substantially justified and Plaintiff's
3  requested fees and costs are unreasonable. Opp'n at 1-2. The Commissioner also asserts that if
4  EAJA fees are awarded, they should be paid directly to the "prevailing party," i.e., Plaintiff—not
5  his attorney. *Id.* at 9. The Court considers each of the Commissioner's challenges below.

**A.     Substantial Justification**

The Court first considers the ALJ's position in the underlying action, which the Commissioner maintains was substantially justified because there was a reasonable basis in fact and law for it. Opp'n at 5. Specifically, the Commissioner argues that the ALJ's position was substantially justified because, in discounting Plaintiff's subjective complaints, the ALJ relied on factors that could be proper reasons to discredit a claimant, and those factors had some basis in the record. *Id.* at 4. The Commissioner contends that "[a]lthough the Court found that the adverse credibility determination did not satisfy the substantial evidence standard, the determination did meet the substantial justification standard." *Id.* In support, the Commissioner primarily relies on two cases, both of which are distinguishable from this case.

First, the Commissioner relies on *Hardisty v. Astrue*, 592 F.3d 1072, 1080 (9th Cir. 2010), which the Commissioner asserts is "eminently apropos" to this case. Opp'n at 3. In *Hardisty*, the Ninth Circuit reviewed the district court's ruling that the government was substantially justified in its adverse credibility ruling. 592 F.3d at 1079-80. The Ninth Circuit affirmed, finding that "[t]he government's adverse credibility finding was substantially justified because all of the inferences upon which it rested had substance in the record." *Id.* at 1080. Specifically, the government's adverse credibility finding had rested on the following three inferences: (1) evidence regarding the claimant's convictions; (2) the claimant's inconsistent testimony concerning who drove to the hearing; and (3) a physician's report not denying malingering. *Id.* at 1079-80. When compared to the present case, the Court is not as convinced as the Commissioner that *Hardisty* is on point. Only *Hardisty*'s second inference considers a situation as the one involved here—specifically, because it was based on the claimant's own reporting. The only issue here is whether the ALJ was substantially justified in discounting Plaintiff's subjective complaints based on his own reporting.

4

Considering that issue alone, *Hardisty* is inconclusive in determining how to interpret perceived inconsistencies in a claimant's testimony for two reasons. First, *Hardisty*'s discussion on how to resolve inconsistencies in a claimant's testimony is very limited. The *Hardisty* Court mentions only that because there was an "inconsistency regarding who drove to the hearing[,]" and "even [the claimant] admitted his confused statements cast doubt on his credibility," the government's interpretation of that inconsistency was substantially justified. *Id.* at 1080. This is not the case here, and *Hardisty*'s limited discussion on this issue does little to help the Court resolve the matter before it. Second, a closer reading of *Hardisty* reveals that the claimant had actually corrected his testimony on who drove to the hearing, which the Court found "resolv[ed] the conflict" in the claimant's inconsistent testimony. *Id.* at 1075. Therefore, it is not clear what role the second inference would have played in the *Hardisty* decision on its own, without the other inferences.

As a final note on *Hardisty*, the Commissioner urges the Court to accept *Hardisty*'s description of the district court's underlying opinion, which noted that the ALJ is substantially justified if there was "some basis" for the ALJ's finding. *Id.* The Court declines to adopt such a holding here, as the Ninth Circuit's discussion did not adopt that specific test explicitly. *See id.* Nor has the Commissioner cited any cases construing *Hardisty* to that effect. [1]

The Commissioner also relies on an unpublished decision, *McGinty v. Astrue*, 471 F. App'x 679 (9th Cir. 2012). *McGinty* indicates that an ALJ can consider a claimant's daily activities as a factor to take into account when making a credibility decision. *Id.* at 681 (citing *Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991)). Thus, a court's consideration of a

---

[1] In addition to *Hardisty*, the Commissioner also cited *Williams v. Bowen* for the proposition that the government is substantially justified because "some evidence supported the [Commissioner]'s position[.]" Opp'n at 5 (quoting *Bowen*, 66 F.2d 1259, 1261 (9th Cir. 1991)). While *Bowen* indicated that the district court did not abuse its discretion in denying EAJA fees in that case, the Ninth Circuit case law since *Bowen* has considered the issue of substantial justification more critically. *See Flores v. Shalala*, 49 F.3d 562, 570 & n.12 (9th Cir. 1995), *as amended on denial of reh'g* (June 5, 1995) (indicating that *Bowen* was one of a line of cases focused on the improper inquiry of ultimate disability rather than the procedural error on which remand was granted; also, noting that "lower courts have found that the government's position was not substantially justified when the ALJ failed to set forth specific, legitimate reasons supporting an adverse credibility determination.").

claimant's daily activities has a reasonable basis in law.  *See Pierce*, 487 U.S. at 565; *see also Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) ("Even where [daily] activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment."); *Berry v. Astrue*, 622 F.3d 1228, 1234-35 (9th Cir. 2010) (evidence that claimant's self-reported activities suggested higher degree of functionality than reflected in subjective symptom testimony adequately supported adverse credibility determination).  However, the court in *McGinty* does not explain how it determined that the ALJ's credibility determination had a reasonable basis in fact, noting only that the ALJ's determination had "support in the record."  *McGinty*, 471 F. App'x at 681.  Given this brief analysis, *McGinty* does not provide a road map of the kinds of facts that the Court should find as adequate support in the record.  Thus, while the Court agrees that the ALJ had a reasonable basis in law for considering Plaintiff's daily activities, *McGinty* does not help establish that the ALJ's credibility determination here had a reasonable basis in fact.

      While the consideration of a claimant's daily activities may be an acceptable factor to consider, the cases above do not stand for the proposition that this consideration alone is enough to make an ALJ's credibility decision substantially justified in law.  Rather, it has long been the law in the Ninth Circuit that the ALJ is required to credit the claimant's testimony about his symptoms unless there was some evidence of malingering or *clear and convincing evidence* contradicting the claimant's statements.  *See Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *see also Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007).  The error here was that the ALJ did not provide clear and convincing reasons for discrediting Plaintiff's subjective complaints.  The ALJ misstated Plaintiff's testimony related to his ability to cook, shop, do laundry, and carry the groceries, as well as "overstated the significance of Plaintiff's ability to engage in activities of daily living and take online college courses."  Order at 18.  The ALJ gave no clear and convincing evidence to disbelieve Plaintiff's testimony about the difficulties he encountered in performing such limited activities.  *Id.*; *see also Williams v. Colvin*, 2013 WL 4758190, at *3-4 (N.D. Cal. Sept. 4, 2013) (noting that the ALJ rejected Plaintiff's pain and fatigue testimony without explaining her reasons, and "[t]he failure of the ALJ to adequately support its credibility findings

is reason to award EAJA fees to a prevailing party."); *Jaureque v. Colvin*, 2013 WL 5645310, at *3 (N.D. Cal. Oct. 16, 2013) (citing *Williams* and noting that courts have been reluctant to find substantial justification where ALJ rejects "fatigue testimony without explaining her reasons."); *Martinez v. Astrue*, 2014 WL 4063027, at *3 (N.D. Cal. Aug. 14, 2014) (same).

The Commissioner has not met her burden to show that the ALJ's position was substantially justified such that it was reasonable in both fact and law. Because the Court finds that the ALJ's position was not substantially justified, the Court need not address whether the Commissioner's litigation position was substantially justified. *See Tobeler*, 749 F.3d at 832.

## B.     Reasonableness of Attorney's Fees

When awarding a party attorney's fees pursuant to the EAJA, the Court must determine the reasonableness of the fees sought. *Sorenson*, 239 F.3d at 1145. This inquiry generally entails determining "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quotation omitted)). The court may reduce an award if it finds that the movant has provided inadequate documentation of the fees requested, that the hours spent by counsel were unreasonable, or that the movant achieved "limited success" in the litigation. *Id.* at 1146-47. Fees awarded under the EAJA must be reasonable, and the party seeking fees bears the burden of proving that they are reasonable. *See* 28 U.S.C. § 2412(d)(2)(A); *Hensley*, 461 U.S. at 437 ("[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.").

"When the district court makes its award, it must explain how it came up with the amount." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). "Where the difference between the lawyer's request and the court's award is relatively small, a somewhat cursory explanation will suffice. But where the disparity is larger, a more specific articulation of the court's reasoning is expected." *Id.*; *see also Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (citing *Moreno* and noting that a district court can impose a reduction of up to 10 percent based purely on the exercise of its discretion and without more specific explanation, but where the number of hours is reduced by twenty to twenty-five percent, a court is

1  required to provide more specific explanation).

2  The Commissioner argues that the Court should "reduce the amount of the EAJA fee
3  awarded, because the fee that Plaintiff requests is unreasonable." Opp'n at 7. Plaintiff seeks
4  compensation for 17.7 attorney hours and 2.8 paralegal hours, for a total of $3,741.33. Mot. at 9.
5  The Commissioner does not challenge the hourly rates but objects to 15.2 of the attorney hours as
6  discussed more thoroughly below.

      1.     <u>Hourly Fee</u>

8  Although the Commissioner did not challenge the claimed hourly rates, under the EAJA,
9  attorney's fees are set at a market rate capped at $125 per hour. 28 U.S.C. § 2412(d)(2)(A).
10 Nevertheless, a district court may award attorney's fees in excess of $125 per hour if "the court
11 determines that an increase in the cost of living . . . justifies a higher fee." 28 U.S.C. §
12 2412(d)(2)(A)(ii); *see also Thangaraja v. Gonzales*, 428 F.3d 870, 876 (9th Cir. 2005) (awarding
13 fees at rate based on cost of living increases).

14 Plaintiff's counsel, Steven G. Rosales, seeks an hourly fee of $189.78 for time spent
15 working on this case in 2014 and an hourly fee of $187.02 for time spent working on this case in
16 2013. *See* Rosales Decl., Ex. 1, Dkt. No. 18-1. Rosales states that he relies "exclusively on the
17 Ninth Circuit's calculation of the maximum hourly rates as published on the Court's website."
18 Rosales Decl., Dkt. No. 18 at 15, ¶ 5 (citing http://www.ca9.uscourts.gov/content/view.php?
19 pk_id=0000000039). The Court notes that Rosales' requested fees do not exceed the statutory
20 maximum annual fees for 2013 and 2014. *See* Statutory Maximum Rates Under the Equal Access
21 to Justice Act, *available at* http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039
22 (Apr. 22, 2015). As such, the Court finds that the claimed attorney fee rates are reasonable.

23 Although the Commissioner did not challenge the fee rate of Rosales' paralegals, the Court
24 considers the reasonableness of their hourly rates. In *Richlin Security Service Company v.*
25 *Chertoff*, 553 U.S. 571, 589 (2008), the Supreme Court held that a prevailing party that satisfies
26 the EAJA's other requirements may recover its paralegal fees from the government at prevailing
27 market rates. Plaintiff submitted evidence indicating that the median billable hourly rate for a
28 California consumer law firm's paralegal was $137 in 2010-2011, the same amount claimed in this

8

case for work performed in 2013-2014.  *See* Rosales Decl., Ex. 2, Dkt. No. 18-2 (citing United States Consumer Law Attorney Fee Survey Report for 2010-2011, *available at* https://www.nclc.org/images/pdf/litigation/fee-survey-report-2010-2011.pdf).  Given that the Commissioner did not object to Plaintiff's claimed paralegal fees, and that other courts in this Circuit have recently applied an paralegal fee of $137.00 per hour,[2] the Court accepts this rate for calculations in this case.

### 2. Claimed Attorney Hours

The Commissioner's challenge to Plaintiff's fee request focuses on the number of hours expended in this case.  The Commissioner contends that the Court should reduce the hours expended by 15.2 hours, which are attributed to "review of transcript; conduct of legal research regarding issues presented; [and] preparation of [motion for summary judgment.]"  Opp'n at 8.  The Commissioner argues that Plaintiff is not entitled to those 15.2 hours because (1) only one of the two issues Plaintiff raised before this Court was successful, and (2) Plaintiff's counsel's briefing in this matter is composed of boilerplate, copy/paste arguments from briefs in other cases.  *Id.*  As noted, Plaintiff did not file a Reply, and therefore has not addressed the Commissioner's challenge to the reasonableness of the requested fees, despite his burden to establish the reasonableness of the request.  *See Hensley*, 461 U.S. at 437.

As to its first argument, the Commissioner contends that Plaintiff's fee request should be reduced based on the "limited success" that Plaintiff achieved in this matter.  Opp'n at 6.  Specifically, because Plaintiff prevailed on only one of the two claims, the Commissioner argues he merits no compensation for the time expended on the unsuccessful claim.  *Id.*  "[T]he extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees."  *Hensley*, 461 U.S. at 440.  A court may reduce a fee award where the plaintiff only received partial or limited success.  *Sorenson*, 239 F.3d at 1147 (quoting *Hensley*, 461 U.S. 424, 436-37).

In *Sorenson*, the Ninth Circuit set out a two-step process for analyzing a deduction for

---

[2] S*ee, e.g.*, *Schneider v. Soc. Sec. Admin.*, 2014 WL 4251590, at *3 (D. Nev. Aug. 27, 2014); *Ybarra v. Comm'r of Soc. Sec.*, 2014 WL 6833596, at *2 (E.D. Cal. Dec. 3, 2014); *Ramirez v. Colvin*, 2015 WL 774098, at *4 (C.D. Cal. Feb. 23, 2015).

9

"limited success." *Id*. First, courts must consider whether the plaintiff failed to prevail on claims that were unrelated to the successful claims. *Id*. Claims are "unrelated" if the successful and unsuccessful claims are "distinctly different" both legally and factually. *Id.* "Hours expended on unrelated, unsuccessful claims should not be included in an award of fees." *Id.* Here, although Plaintiff raised two arguments on remand, these arguments supported one claim for relief to this Court: a claim for disability benefits on appeal. *See Trefcer v. Colvin*, 2013 WL 6623823, at *4-5 (E.D. Cal. Dec. 16, 2013) ("Social Security appeals are akin to a single claim for relief based on one set of facts and involving related legal theories"); *Williams v. Astrue*, 2012 WL 3527224, at *3-4 (D. Or. June 26, 2012) (awarding fees where plaintiff presented multiple arguments, not all of which were successful, but were all in support of one claim for relief: a claim for disability benefits through reversal and remand), *report and recommendation adopted*, 2012 WL 3527207 (D. Or. Aug. 15, 2012). Because Plaintiff's claim for relief involved a common core of facts and was based on related legal theories, "'[m]uch of counsel's time will be devoted generally to the litigation as a whole . . . . Such a lawsuit cannot be viewed as a series of discrete claims.'" *Sorenson*, 239 F.3d at 1147 (quoting *Hensley*, 461 U.S. at 435).

Second, even where the claims are interrelated, courts must consider "whether 'the plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award.'" *Id.* at 1147 (quoting *Hensley*, 461 U.S. at 434). "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Id.* (quotation omitted). "A plaintiff may obtain excellent results without receiving all the relief requested." *Id.* (citing *Hensley*, 461 U.S. at 435 n.11). Here, Plaintiff achieved the relief sought by obtaining a reversal of the Commissioner's decision and a remand for further proceedings. *See Williams*, 2012 WL 3527224, at *4 (finding that although the plaintiff was "partially successful" by obtaining remand on only one narrow issue, he "achieved the relief she sought, thereby obtaining an excellent result"); *Eastman v. Astrue*, 2013 WL 1130784, at *5 (D. Or. Jan. 25, 2013) (finding a "successful result" where plaintiff "achieved a reversal and remand based on two of his [five] legal theories"), *report and recommendation adopted*, 2013 WL 1130762 (D. Or. Mar. 15, 2013). Given that Plaintiff achieved the relief he sought, he obtained an excellent result, and the fee

1  award should not be reduced because Plaintiff did not succeed on all the contentions raised.

2  Finally, the Court considers the Commissioner's argument that a fee reduction is justified because Plaintiff's counsel's briefing is composed of boilerplate, copy/paste arguments from briefs in other cases. In support of its second argument, the Commissioner submitted copies of Rosales' briefing in other social security cases that are purportedly similar. The Court has reviewed those documents and compared them with the summary judgment motion in this case and agrees that a portion of these documents are nearly verbatim, changing only the record citations, plaintiffs' names, and gender pronouns. *Compare* Dkt. No. 15 at 9-16 *with* Dkt. No. 21-1 at 12-24 and Dkt. No. 21-2 at 18-30. That said, there are some substantive differences, including an additional case citation and related parenthetical, as well as the omission of one paragraph. Additionally, these sections are primarily an outline of the legal standards related to credibility determinations, whereas the bulk of the analysis related to the record comes after these sections. The substantive analysis applying the law to facts is different between these documents.

Given the substantive changes between the summary judgment motion in this case and the other documents provided by the Commissioner, the Court declines to reduce the fee award on this basis. Furthermore, "even documents that contain boilerplate language require review." *Adkins v. Astrue*, 2011 WL 5299297, at *7 (E.D. Cal. Nov. 2, 2011); *see also Daye v. Nicholson*, 20 Vet. App. 512, 517 (2006) ("'[B]oilerplate' language . . . can be an efficient and effective way of conveying information and conserving time, but only when it is used with precision. Just like a flower garden, 'boilerplate' must constantly be cultivated, weeded, and pruned."). Thus, the Court does not find 15.2 hours to be unreasonable for Mr. Rosales to review the file, conduct legal research regarding the issues presented, and prepare the motion for summary judgment, even in light of the fact that portions of the documents contain boilerplate language.

In sum, the Court finds that 17.7 attorney hours and 2.8 paralegal hours, for a total of $3,741.33, reasonable under the circumstances.

**C.     Direct Payment of EAJA Fees to Plaintiff's Attorney**

Finally, Plaintiff's counsel requests that payment of the EAJA award be made directly to him based on a fee assignment from Hampton to Rosales. The Commissioner opposes such a

11

request, arguing it is contrary to the EAJA and the United States Supreme Court's holding in *Astrue v. Ratliff*, 560 U.S. 586 (2010).

According to the EAJA, "a court shall award to *a prevailing party* . . . fees and other expenses . . . incurred by that party in a civil action (other than cases sounding in tort) . . . unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A) (emphasis added). In *Ratliff*, the Supreme Court considered this provision of the EAJA and whether it makes a fee payable to the prevailing party or the attorney. 560 U.S. at 588-89. The Supreme Court highlighted the absence of language in EAJA explicitly directing fees to attorneys and, comparing the EAJA with a provision in the Social Security Act making fee awards payable "to such attorney," the Court concluded that "given the stark contrast between the SSA's express authorization of direct payments to attorneys" and the absence of such language in the EAJA, it would not interpret the EAJA to "contain a direct fee requirement absent clear textual evidence supporting such an interpretation." *Id.* at 593-98 (citing 42 U.S.C. § 406(b)(1)(A)).

Nonetheless, courts in this District have recently recognized that *Ratliff* does not prevent payment of a fee award directly to the attorney where there has been a valid assignment and the plaintiff does not owe a debt to the government. *Lloyd v. Astrue*, 2013 WL 3756424, at *4 (N.D. Cal. July 16, 2013) (citing *Palomares v. Astrue*, 2012 WL 6599552, at *9 (N.D. Cal. Dec. 18, 2012) and *Quade ex rel. Quade v. Barnhart*, 570 F. Supp. 2d 1164 (D. Ariz. 2008) (finding the amount awarded, subject to any legitimate offset would then be paid directly to plaintiff's council)). Here, Plaintiff has attached an agreement for legal services in which he assigned EAJA fee awards to his attorney (Dkt. No. 18-3), but no evidence has been provided to the Court concerning whether Plaintiff owes a debt to the government.

In light of the foregoing, the Court orders the EAJA fee should be paid directly to Plaintiff's Counsel, Mr. Rosales, subject to any administrative offset due to Plaintiff's outstanding federal debt, if any exists.

**CONCLUSION**

The Court finds that Plaintiff is entitled to an award for attorney's fees under the EAJA in the amount of $3,741.33. The fee should be paid directly to Plaintiff's Counsel, Mr. Rosales,

subject to any administrative offset due to Plaintiff's outstanding federal debt, if any exists.

**IT IS SO ORDERED.**

Dated: April 23, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge